IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAMONT DAVID SMITH,

    Petitioner,

v.                                     Civil Action No. 1:05CV70
                                     Criminal Action Nos. 1:96CR9-01
                                                  1:95CR36-01

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On April 15, 2005, the *pro se* petitioner, an inmate at the United States Penitentiary in Big Sandy, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he alleges that his sentence is unconstitutional in light of Blakely v. Washington, 524 U.S. 2996 (2004).[1] This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
    The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, 543 U.S. 220, (2005). Specifically, in Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's claim is now a Booker claim.

## II. FACTS

### A. Conviction and Sentence

On June 4, 1996, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Fourteen of the Indictment, charging him with distribution of crack cocaine, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(C). In the plea agreement, the parties stipulated to total drug relevant conduct of at least 50 grams but less than 150 grams of cocaine base. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. On June 4, 1996, the petitioner entered his plea in open court, and on October 3, 2006, the Court sentenced the petitioner to three hundred sixty (360) months imprisonment in 1:95CR36-01, and sixty (60) months in 1:96CR9-01, to be served concurrently.

### B. Appeal

On October 9, 1996, the petitioner filed his notice of appeal. By decision dated July 14, 1997, the Fourth Circuit dismissed the consolidated appeals. The petitioner did not file a petition for writ of certiorari.

### C. Federal Habeas Corpus

The petitioner asserts that the District Court's eleven (11) point enhancement of his criminal history under the Federal Sentencing Guidelines was unlawful because no hearing was held concerning his prior state convictions as required by 18 U.S.C. § 924(E) and Shepherd v. United States, 544 U.S. 13 (2005).

### D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

## III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[2]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final.

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[3]; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, supra at 511. Here, because the only ground raised by the petitioner in

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

3

support of his motion to vacate, set aside, or correct his sentence, is clearly without merit, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to explain the timeliness of his petition.

In the instant case, the § 2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). The Fourth Circuit entered its judgment on July 14, 1997. The petitioner had 90 days, or until October 12, 1997, to file a petition for writ of certiorari. The petitioner did not file a petition for writ of certiorari. Thus his conviction became final on October 12, 1997, and under AEDPA, he had until October 12, 1998, to timely file a § 2255 motion. The petitioner did not file his petition until April 15, 2005, after the statute of limitations had expired. Thus, the petitioner's § 2255 motion is untimely under subsection 1.

Because the petitioner does not allege the Government created an impediment to his filing a timely § 2255 motion or that his motion is based on new facts, subsections 2 and 4 are not applicable to this case.

The Court further finds that subsection 3 does not apply because Booker, has not been made retroactively applicable to cases on collateral review. While the Supreme Court did not address the retroactivity of Booker, the Fourth Circuit has determined that it does not apply retroactively.[4] Because the petitioner's conviction became final prior to the issuance of the Booker decision, the

---

[4] The Fourth Circuit Court's decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeals that have considered the issue.

petitioner is not entitled to have said decision applied retroactively to his sentence and his motion should be dismissed.

## IV. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: August 23, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE